**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**OMAR T. ALSTON,**

    **Plaintiff,**

**vs.**                                                                        **Case No. 4:17cv493-MW/CAS**

**SGT. E. BELLAMY,**

    **Defendant.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff Omar T. Alston, an inmate proceeding pro se, filed a civil rights complaint on October 30, 2017, against Sgt. E. Bellamy of the Florida Department of Corrections. ECF No. 1. Plaintiff contends Defendant violated his First Amendment right by retaliating against him for engaging in protected conduct. *Id.* at 11. Defendant filed a motion to dismiss and motion to accept as timely filed. ECF No. 8. Plaintiff filed an amended response in opposition to the motion to dismiss, ECF No. 14, and the motions are ready for a ruling.

**Plaintiff's Allegations**

Plaintiff's complaint alleges that during the afternoon of April 26, 2017, Defendant Bellamy entered his dormitory to conduct a formal count

and, upon completion, she instructed Plaintiff to accompany her to the laundry room. ECF No. 1 at 9. Plaintiff alleges that Bellamy accused him of calling her a "ho," which Plaintiff denied. He alleges this denial angered Bellamy, who ordered him to return to his assigned bunk. *Id.* Plaintiff alleges that Bellamy returned to the dormitory bedding area and stated in front of 70 other inmates, "It's always the soft mother— who talk shit." *Id.* He alleges Bellamy confirmed she was talking to him, and then said Plaintiff was a "snitch" and that staff knows everything about what other inmates are doing because of it. *Id.*

Plaintiff further alleges that he told Bellamy he would file a grievance because, by her comments, she deliberately put his life in danger. *Id.* He alleges that Bellamy responded she did not give a "f—" what he filed, and "since the Plaintiff wanted to file a grievance, Defendant Bellamy stated she would lock the bitch ass f— n— up" and "[e]veryone knows you are a f— boy." *Id.* at 10. Plaintiff alleges he was placed in Administrative Confinement pending an investigation of a disciplinary report for verbal disrespect, but on May 1, 2017, he was released and no disciplinary report was written. *Id.* He alleges that the allegations of disrespect were a "pretext to mask the unlawfulness of Defendant Bellamy's conduct" and

that these acts were in retaliation for his exercise of free speech under the First Amendment.  *Id.*

Plaintiff sues Defendant Bellamy in her individual and official capacities and seeks compensatory damages in the amount of $10,000, punitive damages in the amount of $15,000, costs, and other equitable relief.  ECF No. 1 at 11.

**Motion to Dismiss**

Defendant moves to dismiss the claims for compensatory and punitive damages for failure to state a claim upon which relief can be granted, contending that the Plaintiff has not alleged any physical injury resulted from the alleged constitutional deprivation.  ECF No. 8 at 4-7.  Defendant also moves to dismiss the claims for monetary damages against her in her official capacity based on the Eleventh Amendment.  *Id.* at 12-13.

Defendant further moves to dismiss Plaintiff's complaint for failure to allege facts establishing a First Amendment violation.  ECF No. 8 at 7.  Defendant contends that the alleged retaliation (placing Plaintiff in Administrative Confinement) was based on Plaintiff's prior disrespect and not because Plaintiff exercised his right to free speech.  *Id.* at 8.  Defendant contends that Plaintiff was placed in confinement before he threatened to file a grievance; thus, no retaliation could have occurred.  *Id.*  Defendant

also argues that because Plaintiff was not issued a disciplinary report, he did not suffer any retaliation. *Id.* at 9.

Finally, Defendant moves to dismiss based on assertion of qualified immunity. *Id.*

**Legal Standard**

Whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted requires the Court to determine if the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted

unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972)). However, the requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting Twombly, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or

legal conclusions masquerading as facts will not prevent dismissal." <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). Iqbal, 556 U.S. at 679. The first consideration is whether the complaint presents "well-pleaded factual allegations," which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions," which "are not entitled to the assumption of truth." *Id.* If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.* at 680 (citations omitted).

## Analysis

### A. Compensatory or Punitive Damages

Defendant first moves to dismiss the claims for compensatory and punitive damages because Plaintiff has alleged no physical injury. ECF No. 8 at 4. Plaintiff responds that the "physical injury" was his placement in Administrative Confinement. ECF No. 10 at 4.

Defendant is correct that Plaintiff has alleged no physical injury. Placement in Administrative Confinement does not satisfy the requirement of proof of physical injury. Compensatory and punitive damages are not

available in the absence of physical injury.  The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997(e); *see also* Al-Amin v. Smith, 637 F.3d 1192, 1197-98 (11th Cir. 2011); Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002) (construing § 1997(e) as barring a prisoner from obtaining compensatory damages for solely mental or emotional harm while he is in custody).  Because Plaintiff has alleged no physical injury, his claims for compensatory and punitive damages should be dismissed.

Defendant also moves to dismiss the claims for compensatory damages against her in her official capacity because the Eleventh Amendment bars suit for recovery of monetary relief against state officials acting in their official capacity.  "It is well established that the [E]leventh [A]mendment immunizes an unconsenting state from suits brought in federal court by its citizens and citizens of other states."  Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (quoting Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)).  Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("Absent waiver . . . the Eleventh Amendment bars a damages action against a State in federal court.  This bar remains in effect when State officials are sued for damages in their official capacity.") (citation

omitted); Williams v. Bennett, 689 F.2d 1370, 1376-77 (11th Cir. 1982) (holding that the Eleventh Amendment barred prisoner's section 1983 damage claims brought in federal court against prison officials in their official capacities). Thus, Eleventh Amendment immunity precludes Plaintiff's request for monetary damages against Defendant Bellamy in her official capacity, and that request should be dismissed.

### B. Failure to State a Claim

Next, Defendant moves to dismiss the complaint for failure to allege facts that establish any violation under the First Amendment. ECF No. 8 at 7. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948), *abrogated on other grounds in* McCleskey v. Zant, 499 U.S. 467, 477 (1991). *See also* Pell v. Procunier, 417 U.S. 817, 822 (1974). Imprisonment does curtail the enjoyment of some constitutional rights because security needs must be balanced with retained rights. *See* Bell v. Wolfish, 441 U.S. 520, 545-46 (1979).

"In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological

objectives of the corrections system." Pell, 417 U.S. at 822.  Thus, " '[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution.' " Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoted in Hollins v. Samuals, 540 F. App'x 937, 938 (11th Cir. 2013) (unpublished)).

A prisoner's First Amendment right to free speech and to petition the government for redress of grievances is violated when the "prisoner is punished for filing a grievance concerning the conditions of his imprisonment." Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). To present a retaliation claim, "a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech." Pittman v. Tucker, 213 F. App'x 867, 870 (11th Cir. 2007 (unpublished) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005) (unpublished)).

Defendant contends that the complaint shows Plaintiff was escorted to Administrative Confinement pending an investigation of disciplinary reports of verbal disrespect and, thus, any incidents of verbal disrespect would have occurred before Plaintiff threatened to file a grievance and

before any grievance was filed.  ECF No. 8 at 8.  Based on this interpretation of the facts alleged, the Defendant asserts that she could not have retaliated against Plaintiff for an action the Plaintiff had yet to take.  *Id.*  Defendant also notes that any alleged retaliation did not deter Plaintiff from filing administrative and court actions, thus showing no adverse effect on any protected First Amendment right.  *Id.* at 9.

Plaintiff alleged in the complaint in pertinent part that he and Bellamy had several heated discussions, and that "Plaintiff advised Defendant Bellamy he would file a grievance against her because she deliberately put his life in danger by labeling him a snitch."  ECF No. 1 at 9.  He alleged that Defendant Bellamy responded that she did not care what Plaintiff filed, but "[s]oon thereafter, Plaintiff was escorted to Administrative Confinement pending investigation of disciplinary reports for verbal disrespect."  *Id.*  In his response to the motion to dismiss, Plaintiff further explained that he had obtained an informal grievance form from another inmate and had submitted his informal grievance into the grievance box around the time of "evening chow" and "[o]nly minutes after returning from evening chow and back inside of B1-Dormitory, security came and placed the Plaintiff in hand restraints and took him directly to Administrative Confinement."  ECF No. 14 at 3-4.

The allegations of the complaint are somewhat different from the allegations of the response as to the timing of the placement in Administrative Confinement *vis a vis* his statement of intention to file, or actual filing, the grievance.  Even so, either version supports Plaintiff's allegation that he was placed in Administrative Confinement in retaliation for exercising his right to file a grievance.  Construed liberally, as the Court must for a pro se litigant, these allegations are sufficient to state a claim for retaliation.  Thus, the motion to dismiss for failure to state a claim against Defendant Bellamy on this ground should be denied.

### C.  Qualified Immunity

Finally, Defendant moves to dismiss the complaint based on an assertion of Defendant's qualified immunity, contending that Defendant is immune from suit because Plaintiff has failed to state a claim for any constitutional violation.  ECF No. 8 at 9.  In reviewing a motion to dismiss based on qualified immunity, the Court must accept "the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting [ ] review to the four corners of the complaint."  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).  The Supreme Court has established a two-step analysis for resolving qualified immunity issues.

Saucier v. Katz, 533 U.S. 194, 201 (2001). Qualified immunity shields government officials sued in their individual capacities from liability against a plaintiff's § 1983 claims if their conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Grider v. City of Auburn, 618 F.3d 1240, 1254 (11th Cir. 2010) (quoted in McNeeley v. Wilson, 649 F. App'x 717, 720-21 (11th Cir. 2016) (unpublished)). The initial inquiry is whether the public official proves "that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." McNeely, 649 F. App'x at 721. The next step is to determine: (1) "whether the plaintiff's allegations, if true, establish a constitutional violation" and (2) "whether the right violated was 'clearly established.' " Id.

Thus, a court should decide whether the facts that a plaintiff has alleged " 'show the [defendant's] conduct violated a constitutional right.' " Saucier, 533 U.S. at 201. The Court must also "decide 'whether the right was clearly established.' " Id. While Saucier mandated that sequence, the Supreme Court concluded in Pearson v. Callahan, 555 U.S. 223, 236 (2009), that the process "should no longer be regarded as mandatory." Judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be

addressed first in light of the circumstances in the particular case at hand."

*Id.* See also <u>Manners v. Cannella</u>, 891 F.3d 959, 968 (11th Cir. 2018) ("These two components may be analyzed in any order."). The law " 'must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.' We have emphasized, accordingly, that the question of whether constitutional standards are clearly established is one considering the 'specific context of the case.' " <u>Manners</u>, 891 F.3d at 968 (citations omitted).

As concluded above, Plaintiff has alleged sufficient facts to state a claim under the First Amendment. It is well-established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights. <u>Adams v. James</u>, 784 F.2d 1077, 1080 (11th Cir. 1986). Because Plaintiff's complaint sufficiently states a claim for violation of his First Amendment rights, the motion to dismiss based on qualified immunity should be denied.

## ORDER

Defendant's motion to accept the motion to dismiss as timely filed, ECF No. 8, is **GRANTED**.

## RECOMMENDATION

It is **RECOMMENDED** that the motion to dismiss, ECF No. 8, be **GRANTED IN PART** and **DENIED IN PART**. The motion to dismiss Plaintiff's request for compensatory and punitive damages should be **GRANTED**, but the motion should otherwise be **DENIED**. It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings, and Defendant directed to file an answer to Plaintiff's complaint.

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2018.

s/ Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**